238 F.3d 186 (2nd Cir. 2001)
 IN RE: JOHN C. MCKENNA, as Provisional Liquidator of New Cap Reinsurance Corporation (Bermuda) Limited; JOHN GIBBONS, as Administrator of New Cap Reinsurance Corporation, Limited Debtors.
VESTA FIRE INSURANCE CORPORATION, Appellant,
v.
NEW CAP REINSURANCE CORPORATION LIMITED; NEW CAP REINSURANCE CORPORATION (BERMUDA) LIMITED, Appellees.
 Docket No. 00-5013
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: December 11, 2000
Decided: January 17, 2001
 
 Vesta Fire Insurance Corporation ("Vesta") appeals from a February 14, 2000 judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, Judge) affirming the May 19, 1999 order of the United States Bankruptcy Court for the Southern District of New York (Cornelius Blackshear, Bankr. Judge). Judge Blackshear's order denied Vesta's objection to the petition of appellee, New Cap Reinsurance Corporation Limited ("New Cap"), for a preliminary injunction staying arbitration.
 AFFIRMED.
 Daniel Markewich, Mound, Cotton & Wollan, New York, NY, for Appellant.
 Howard Seife, Chadbourne & Parke LLP, New York, NY, for Appellees.
 Before: OAKES, CARDAMONE, and PARKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Vesta Fire Insurance Corporation ("Vesta") appeals from a February 14, 2000 judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, Judge) affirming the May 19, 1999 order of the United States Bankruptcy Court for the Southern District of New York (Cornelius Blackshear, Bankr. Judge). Judge Blackshear's order denied Vesta's objection to the petition of appellee, New Cap Reinsurance Corporation Limited ("New Cap"), for a preliminary injunction staying arbitration. New Cap's petition for a preliminary injunction staying arbitration was filed pursuant to § 304 of the Bankruptcy Code.
 
 
 2
 For the first time on appeal, Vesta makes an argument regarding Section 116(3) of the Australian Insurance Act of 1973. Vesta's failure to raise its argument based upon Section 116(3) at the bankruptcy court level and the district court level constitutes waiver. See In re The Lionel Corp., 29 F.3d 88, 92 (2d Cir. 1994) (Walker, Jacobs, Carman). Aside from Vesta's novel argument, we conduct a plenary review of orders of a district court functioning as an appellate court in a bankruptcy case. See In re Mazzeo, 131 F.3d 295, 301 (2d Cir. 1997). Having conducted such a plenary review, we affirm, substantially for the reasons stated in the judgment of the district court, Vesta Fire Insurance Corporation v. New Cap Reinsurance Corporation, Ltd., 244 B.R. 209 (S.D.N.Y. 2000), and because Vesta has waived its argument as to Section 116(3) of the Australian Insurance Act of 1973.