14-996-bk
*Dedvukaj v. GECMC 2007 C-1 Burnett Street, LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

---

IN RE: HOTI ENTERPRISES, L.P.,

---

VICTOR DEDVUKAJ,

                *Debtor-Appellant,*                        No. 14-996-bk

                v.

GECMC 2007 C-1 BURNETT STREET, LLC,

                *Creditor-Appellee.*[*]

---

**FOR DEBTOR-APPELLANT:**              ARNOLD E. DIJOSEPH, III, Arnold E. DiJoseph, P.C., New York, NY.

---

[*]     The Clerk of Court is directed to amend the official caption to conform with the above, reflecting the fact that the instant appeal is brought solely by Debtor-Appellant Victor Dedvukaj.

**FOR CREDITOR-APPELLEE:** GEORGE B. SOUTH, III (Daniel G. Egan, *on the brief*), DLA Piper LLP (US), New York, NY.

Appeal from a March 31, 2014 judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Debtor-Appellant Victor Dedvukaj challenges a judgment of the District Court affirming the judgment of the U.S. Bankruptcy Court (Robert D. Drain, U.S.B.J.), which in turn had approved and directed payment of $256,774.69 in damages by Dedvukaj and the debtor corporations (the April 15, 2013 "Payment Order"). The Bankruptcy Court had issued the Payment Order after finding that Dedvukaj, and the debtor corporations of which he was a principal, violated the terms of a previous order confirming the Chapter 11 Plan of Reorganization and multiple subsequent contempt orders. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the Bankruptcy Court's findings of fact for clear error, its conclusions of law *de novo*, and its orders awarding costs, attorney's fees, and damages for abuse of discretion. *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000). A court abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations and quotation marks omitted).

On appeal, Dedvukaj challenges only the Payment Order, which he contends was unduly onerous and non-compliant with the standards for civil contempt damages. Specifically, Dedvukaj argues that the attorney's fees and expenses awarded as damages were excessive and that the Bankruptcy Court failed to consider his financial circumstances as required by law. Both arguments are unavailing.

The record reflects that the Bankruptcy Court carefully and independently reviewed the attorney time and expense reports to ensure that they were reasonable and commensurate with the tasks undertaken and the hourly rates of competitors in the marketplace. Dedvukaj's claim that the Bankruptcy Court merely "rubber stamped" the requested fees, *see* Appellant's Reply Br. at 3, is directly contradicted by the record reflecting the Bankruptcy Court's thorough assessment of the submitted time records, identification of vague and unreimbursable entries amounting to approximately ten percent of requested damages, and commensurate reduction of the damages awarded in the Payment Order. Indeed, even Dedvukaj himself concedes that the Court "pa[id]

attention" to issues of reasonableness of fees, customary rates, and inapplicable entries. *See* Appellant's Br. at 10-11. We identify neither clearly erroneous fact-finding nor abuse of discretion in the Bankruptcy Court's assessment of fees.

Dedvukaj's second argument—that the Bankruptcy Court failed to consider his financial condition as required by law—is premised on a fundamental misreading of the Supreme Court case on which he himself bases his claim. Dedvukaj appears to confuse the type of compensatory damages levied here with punitive sanctions imposed to coerce compliance with a court's order, only the latter of which requires a court to "consider the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). Since the Bankruptcy Court here explicitly "grant[ed] remedial sanctions but not coercive ones," App'x at 209, its focus on evidence of loss and reasonableness, rather than Dedvukaj's financial circumstances, was entirely proper.[1]

## CONCLUSION

We have considered all of the arguments raised by Debtor-Appellant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Apart from the merits as stated above, it bears noting that this argument was raised neither before the Bankruptcy Court nor before the District Court. Our "well-established general rule that an appellate court will not consider an issue raised for the first time on appeal" thus forms a separate basis for discounting this argument. *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks and citation omitted); *see also In re McKenna*, 238 F.3d 186, 187 (2d Cir. 2001), *as amended* (May 1, 2001) ("[A party's] failure to raise [an] argument . . . at the bankruptcy court level and the district court level constitutes waiver.").